[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven. The court finds that the plaintiff whose maiden name is Tina Panos and the defendant were married at Kapareli, Greece on November 22, 1998. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date that the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of the marriage. The parties do have two adult children. Rhea plaintiff does not have any minor children. Neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage. The court finds that the defendant is responsible for the breakdown of the marriage. The plaintiff is 53 years old and in good health. The defendant is 53 years old and good health.
The parties have accumulated the following assets during the marriage: A family residence located at Valley View Drive, Wallingford, Connecticut. It has a total value of $295,000 and a mortgage of $65,000 and equity of $230,000. That property is in joint names. There is also a residence located at 67 Carr Street, Wallingford, Connecticut with a total value of $120,000 and a mortgage of $15,000 and an equity of $105,000. There is property located in Athens, Greece with a total value of $120,000 and no mortgage and an equity of $120,000. There is a 1993 or 1995 Lexus automobile with a total value of $12,500 that the parties agree should be retained by the plaintiff. There is a 1996 Infiniti with a total value of $15,000 and a loan balance of $15,000 and no equity. The plaintiff has in her name a Fleet Bank checking account with a balance of $3,000 and a Fleet Bank saving account with a balance of $42,000. She also has an ITT Hartford Mutual Fund Account in her name with a balance of $106,000. The CT Page 3026 defendant has in his name 2,740 shares of McDonald's stock with a par value per share of $43.313 and a total value of $118,677.92. The defendant also has a Merrill Lynch IRA account in his name with a value as of January 31, 1999 of $380,882.00. He also owns a McDonalds' Franchise. The net value of that franchise is $600,000. Its total value is $1,100,000 from which is deducted a loan to Fleet Bank with a balance of approximately $500,000. Based on the continued principal payments of $50,000 to Fleet Bank the balance due to Fleet Bank should be paid of within ten years. The approximate $500,000 balance owed to Fleet Bank is secured by a blanket mortgage including the property located at 32 Valley View, Wallingford, Connecticut.
The parties also have a number of assets in joint names. There is a joint Fleet Union checking and savings account with a total balance of $3,000 as shown on the plaintiff's financial affidavit. The defendant also shows a Fleet Bank Savings with a $4,000 balance in joint names a Fleet Bank Checking with a $2,000 balance in both names. There is some uncertainty as to whether the two Fleet accounts shown on the defendant's financial affidavit in joint names are the same as or separate from the joint checking and savings shown on the plaintiff's financial affidavit with a balance of $3,000. The parties also have a joint account at Merrill Lynch with a total value of $236,000 and Galaxy fund with a total of $60,000. The defendant also has two separate life insurance polices through McDonalds, one a term policy with a face amount of $50,000 and the second policy with a face amount of $106,000.
The parties are in dispute as to what the defendant's present earnings are from his McDonald's franchise. In the calendar year 1997 the net business income from that business was $228,949. That net amount was arrived at after deducting various business expenses that include amongst others a deduction of $49,004 for interest on the Fleet Bank loan. In addition to that interest the principal amount of that loan is being amortized at the rate of approximately $50,000 per year. For the period of January 1, 1998 through November 30, 1999, the net income from the store after-deducting various business expenses is $218,670.41. Included in the deduction for the first eleven months of 1998 was interest paid on the debt to Fleet Bank in the amount of $39,708.25. From all the evidence presented the court finds that the defendant's approximate total average gross weekly income from his business is $4,700.00 weekly rather than $2,038.00 Plus $750.00 as shown on his financial affidavit of March 1, 1999. CT Page 3027 From his gross weekly income of $4,700.00 is deducted federal income tax, state tax and self employment tax. The plaintiff's financial affidavit also shows total gross weekly income of $250.00 and net weekly income of $227.00. That is income she is receiving from the defendant's McDonald store. Both counsel has stipulated that in entering financial orders that the orders should be based on the plaintiff no longer employed at the defendant and therefore not having any gross weekly income and the court is following that stipulation. This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provision of § 46b-81 (c) regarding the issue of property division, and has considered the provision of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
A) By way of dissolution of marriage
 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B) By way of alimony orders
 1. The defendant is ordered to pay to the plaintiff alimony in the sum of $1450.00 per week.
 2. Alimony is to terminate upon the death of plaintiff or the death of the defendant or the remarriage of the plaintiff.
 3. The provision of § 46b-86 (a) and § 46-86 (b) are applicable.
 4. The defendant is ordered to name the plaintiff as irrevocable beneficiary of his life insurance policies through McDonald's so long as he has an obligation to pay her alimony. He is to provide her with evidence one year from date and annually thereafter that said policies are in full force in effect and that she is named as sole beneficiary and that there are no liens on such policies.
5. The defendant is to provide COBRA benefits for the plaintiff for the maximum period allowed by law at her sole cost and expense. CT Page 3028
 C) By way of attorney's fees 1. No attorney's fees are awarded in favor of either party.
D) By way of property orders
 1. The plaintiff is to pay the liabilities shown on her financial affidavit and hold the defendant harmless therefrom.
 2. The defendant is to quitclaim to the plaintiff all of his right, title and interest in the property located at 32 Valley View Drive, Wallingford, Connecticut. The plaintiff is to pay the first mortgage and hold the defendant harmless therefrom. The defendant is to annually make reasonable efforts to remove the blanket mortgage held by Fleet Bank from the marital residence located at Valley View Drive, Wallingford, Connecticut. The defendant is to indemnify and hold the plaintiff harmless from any liability with respect to said Fleet Bank lien.
 3. The plaintiff is to quitclaim to the defendant all of her right, title and interest in the property located at 67 Carr Street, Wallingford, Connecticut. The defendant is to pay the first mortgage and hold the plaintiff harmless therefrom.
 4. The plaintiff is to quitclaim to the defendant all of her right, title and interest in the real property located in Athens, Greece. The quitclaim deeds to the two Wallingford, Connecticut properties and the Athens, Greece property are to be delivered and exchanged simultaneously to the office of the plaintiff's attorney on April 9, 1999.
 5. The defendant is to transfer to the plaintiff any interest he has in the 1993 or 1995 Lexus
 6. The plaintiff is to transfer to the defendant any interest she has in the 1996 Infiniti.
7. All furniture and furnishings located at 32 Valley View Drive, Wallingford, Connecticut are awarded to the plaintiff. CT Page 3029
 8. All furniture and furnishings located at 67 Carr Street, Wallingford, CT and at the property in Athens, Greece are awarded to the defendant.
 9. The Fleet checking account shown on the plaintiff's financial affidavit with a balance of $300 and the Fleet Union joint checking and savings account shown on her financial affidavit with a balance of $3,000 as well as the Fleet Bank savings shown on the defendant's financial affidavit with a balance of $4,000 and the Fleet Bank checking shown on the defendant's financial affidavit with a balance of $2,000 are all awarded divided equally between the parties. The $42,000 Fleet Bank savings account shown on the plaintiff's financial affidavit is ordered divided equally between the parties.
 10. The Merrill Lynch account with a $236,000 balance shown on each financial affidavit is ordered divided equally between the parties both as to basis and value.
 11. The Galaxy fund shown on each financial affidavit is ordered divided equally between the parties both as to basis and value.
 12. The plaintiff's IIT Hartford Mutual Fund with a balance of $106,000 is awarded to the plaintiff.
 13. The Merrill Lych IRA shown on the defendant's financial affidavit with a balance of $380,882 is ordered divided as follows:
a. The first $106,000 is awarded to the defendant.
 b. The balance of the account is ordered divided equally between the parties.
 c. The plaintiff's share of such account is to be transferred to her by QUADRO. Counsel for the plaintiff is responsible for preparing the necessary documents. The court retains jurisdiction over any disputes that may arise involving the QUADRO.
14. The McDonald's' stock owned the defendant is ordered CT Page 3030 divided equally between the parties both as to value and basis.
 15. The McDonald's' franchise owned by the defendant with a value of $600,000 is awarded to the defendant. The defendant is ordered to pay to the plaintiff $300,000 to be paid as follows:
 1. The $300,000 or any balance thereon is to be due and payable in full upon the defendant selling his interest or any part of his interest in his McDonald's franchise.
 2. If not previously paid in full, $50,000 annual payments are to commence by the defendant to the plaintiff either 10 years from the date this decision is filed or upon the payment in full of the debt owed to Fleet Bank, whichever date is first, and annually thereafter. The payments are to be without interest provided they are made timely.
E. Miscellaneous Orders
 1. The parties are to exchange copies of their federal and state income tax returns for so long as there is an outstanding alimony order, and for so long as the $300,000 payment has not been made in full by the defendant to the plaintiff. In addition, any tax returns that are filed involving the McDonald's Franchise are to be provided by the defendant to the plaintiff within 15 days from the date such tax returns have been filed.
 2. Counsel for the plaintiff is to prepare the judgment file within 30 days and send it to counsel for the defendant for signature and filing.
Sidney Axelrod Judge of the Superior Court